UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                              Plaintiff,

v.

STAFFING SOLUTIONS OF WNY, INC.,

                              Defendant.
_____

Civil Action No. 18-cv-00562 LJV

### DEFENDANT STAFFING SOLUTIONS OF WNY'S
### AMENDED MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS UNTIMELY CLAIMS CONTAINED IN THE COMPLAINT

Defendant Staffing Solutions of WNY, Inc. ("Staffing Solutions") by its attorney, Ginger D. Schröder of Schröder, Joseph & Associates, LLP submits the following amended memorandum of law in support of its partial motion to dismiss so much of the Equal Employment Opportunity Commission's ("EEOC's") First through Fourth Causes of Action which impermissibly include untimely claims for discrimination on behalf of unidentified "aggrieved persons."

### BACKGROUND

Staffing Solutions in an employment agency which refers candidates for employment to various clients. Plaintiff's Complaint, unnumbered paragraph at p. 1 (hereinafter "Comp."). A copy of Plaintiff's Complaint is attached as Exhibit A to the accompanying Affirmation of Ginger D. Schröder, dated July 27, 2018 ("hereinafter "Schröder Affirm."). This action arises out of a charge of discrimination filed with the EEOC on November 10, 2015 by Tammi C. Iser ("Iser" and/or "Charging Party"). A copy of Ms. Iser's Charge is attached to the Schröder Affirm. as Exhibit B (hereinafter "Charge"). Ms. Iser was employed by Staffing Solutions for

1

over two years as an Office Manager. The Charge alleges that Ms. Iser observed and participated in a wide range of alleged discriminatory practices and was constructively discharged on September 16, 2015 allegedly for having complained about those practices. See Charge, *passim*. Staffing Solutions disputes these allegations and the documentary evidence will demonstrate that Ms. Iser voluntarily resigned her position and at no time made any complaints regarding Staffing Solutions practices.

The EEOC conducted an extensive investigation which included, among other things, obtaining forensic images of Staffing Solutions computerized records and three to four employees spending several weeks reviewing Staffing Solution's files. Schröder Affirm. ¶¶ 4 to 7. After spending almost a year investigating Ms. Iser's charges, on November 7, 2017, the EEOC sent Staffing Solutions a Notice of Determination. The Notice of Determination alleged that Staffing Solutions had engaged in discrimination based on race, sex and pregnancy in violation of Title VII, discrimination based on age in violation of the Age Discrimination in Employment Act ("ADEA") and discrimination based on disability in violation of the American's With Disabilities Act ("ADA"). A copy of the Notice of Determination is attached as Exhibit C to the Schröder Affirm. Omitted from the Notice of Determination was the identification of anyone, other than Ms. Iser, who claimed to have been the subject of or who observed any of these discriminatory practices. Thus, the EEOC failed to or was unable to identify any individual in its Notice of Determination who was allegedly subject to these discriminatory practices other than Ms. Iser. Comp. ¶¶ 4-7.

## ARGUMENT

### A. The EEOC May Only Seek Redress for Acts of Discrimination Which Occurred within 300 Days of Ms. Iser's Charge.

Under well-settled law, the EEOC's claims under Title VII are limited to discriminatory acts which occurred after January 13, 2015 (within 300 days of the charge which gave rise to the EEOC's investigation.)  *EEOC* v. *Carolls Corp*, No. 5:98-cv-1772, 2011 U.S. Dist. LEXIS 20972 (N.D.N.Y. Mar. 2, 2011) (Title VII claims brought by the EEOC are limited to acts which occurred within 300 days of the charge which gave rise to the investigation); *EEOC v. FAPS Inc.,* No. 10-3095, 2014 U.S. Dist. LEXIS 136006 *65-66 (D.N.J. Sept. 26, 2014); *EEOC v. Princeton Healthcare Sys.,* No. 10-4126, 2012 U.S. Dist. LEXIS 150267 (N.D.N.J. Oct. 18, 2012) see also *EEOC v. Bloomberg L.P.,* 751 F. Supp.2d 628, 644 (S.D.N.Y. 2010).  As the Court in *Carolls* explained "when the EEOC brings a suit in its own name under § 706 [of Title VII] on behalf of a group of aggrieved persons Title VII's statute of limitations, 42 USC § 200e-5 (e) (1) applies." *EEOC* v. *Carolls Corp*, 2011 U.S. Dist. LEXIS 20972 * 11 (N.D.N.Y. Mar. 2, 2011) (citing *EEOC v. CRST Van Expedited, Inc.,* 615 F. Supp. 2d 867 (D. Iowa 2009)).  Under 42 U.S.C. § 200e-5 (e) (1) the EEOC may only seek redress for those aggrieved persons whose claims for discrimination under Title VII are based on acts of discrimination which occurred within 300 days of the charge which gave rise to the investigation.  *Id.*  Because the ADEA and ADA incorporate the charge filing requirements of Title VII, claims brought by the EEOC under the ADA are subject to the same limitations period.  *EEOC v. United States Steel Corp*., No. 10-1284, 2012 U.S. Dist. LEXIS 101872 (W.D. Pa Jul. 23, 2012) (holding that the class of individuals for whom the EEOC can seek relief is limited to those who could have filed an EEOC charge during the filing period): *see also* 42 U.S.C. §12117; 29 U.S.C. § 626 (d).

B. **Each of the EEOC's First Four Causes of Action Include Claims On Behalf of Aggrieved Persons Which Are Time Barred.**

The Charge which gave rise to the investigation was not filed until November 10, 2015. Schröder Affirm., Exhibit B.  The EEOC is therefore limited to seeking redress under Title VII, the ADEA and the ADA for acts of discrimination and/or retaliation which occurred within 300 days of November 10, 2015 (acts which occurred after January 14, 2015).  Despite the well-settled authority set forth above, the EEOC's Complaint repeatedly states that it is seeking redress for discriminatory acts which occurred since **at least January 1, 2014.**  Comp. ¶¶ 21, 22, 23 and Wherefore Clause (Title VII Claims); Comp.  ¶¶ 34-36 (ADEA Claims); Comp. ¶¶ 37-42. (ADA Claims); Comp. ¶¶ 45-49 (Retaliation[1]).  While the Complaint provides "examples" of individuals who allegedly were subject to these acts of discrimination, the Complaint does not state the dates of these alleged discriminatory acts or even provide enough information to identify the individuals involved.[2]  Comp. ¶ 21 (c), (d) and (g) and ¶ 37 (d), (e), (f) and (g).  That is, other than a repetition of the allegations by Ms. Iser, the Complaint is devoid of any allegations of acts of discrimination which took place **after** January 14, 2015.  Notably, by using the phrase "at least" the EEOC in its Complaint is leaving open the possibility that it will seek redress for acts which allegedly took place even before **January 1, 2014.**  In short, based solely on the allegations of a single former employee and without **identifying** even a single additional aggrieved person, the EEOC is essentially asserting a right to engage in litigation with respect to every single decision by Staffing Solutions since it first opened for business in April of 2011.  It was precisely to avoid litigating stale claims that the EEOC is limited to seeking redress to those

---

[1] The EEOC is seeking redress for alleged acts of retaliation since "at least December 6, 2014."  Comp. ¶ 45.
[2] Staffing Solutions vehemently denies these allegations and further notes that several of the "examples" on their face provide information which refutes the EEOC's claims.  For example, in paragraph 21 (g), the EEOC identifies an individual seeking sales and/or customer service work who allegedly had experience in no fewer than five different industries.  This work history would raise red flags with potential employers.

individuals whose claims would have been timely at the time the EEOC received the Charge of Discrimination. This is especially true given that the EEOC, even after its exhaustive investigation, has yet to identify for Staffing Solutions even a single individual other than Ms. Iser who was allegedly subjected to the claimed discriminatory practices alleged in the Complaint.[3]

Here it is worth noting that the EEOC deliberately omitted from its Complaint the date that Ms. Iser filed her charge – apparently in an effort to disguise the fact that it was seeking to recover for claims which are time barred. Comp. ¶ 7. There can no explanation for this deliberate omission, other than the EEOC's knowledge that by calling attention to the date of the filing of the charge, the same would highlight that it was seeking to include within its Complaint, untimely acts of alleged discrimination. Accordingly, Staffing Solutions is entitled to an order dismissing so much of the EEOC's First, Second, Third and Fourth causes of action which seek redress on behalf of any individual where the alleged act of discrimination occurred prior to January 14, 2015. *EEOC* v. *Carolls Corp*, 2011 U.S. Dist. LEXIS 20972 (N.D.N.Y. Mar. 2, 2011) (Title VII claims brought by the EEOC are limited to acts which occurred within 300 days of charge which gave rise to the investigation); *EEOC v. FAPS Inc.,* 2014 U.S. Dist. LEXIS 136006 *65-66 (D.N.J. Sept. 26, 2014); see also *EEOC v. Bloomberg L.P.,* 751 F. Supp.2d 628, 41 (S.D.N.Y. 2010); *EEOC v. Princeton Healthcare Sys.,* 2012 U.S. Dist. LEXIS 150267 (D.N.J.

---

[3] The Eighth Circuit held that "while [t]he EEOC may seek relief on behalf of individuals beyond the charging parties and for alleged wrongdoing beyond those originally charged," it "must discover such individuals and wrongdoing *during the course of its investigation*.. and the EEOC may not use discovery in the resulting lawsuit 'as a fishing expedition' to uncover more violations.'" *EEOC v. CRST Van Expedited, Inc*., 679 F.3d 657, 674-675. (8th Cir. 2012) (dismissing claims brought on behalf of 67 employees based on the EEOC's failure to comply with the statutory prerequisites). Significantly, in the above referenced case, the Supreme Court reversed a subsequent decision by the Eighth Circuit denying CRST's request for attorney's fees with respect to the claims by these 62 women on grounds that the dismissal was not "on the merits." *EEOC v. CRST Van Expedited, Inc*., 136 S. Ct. 1642 (2016) (reciting procedural history and holding that CRST was entitled to recovery of attorneys' fees as the prevailing party).

Oct. 18, 2012); *EEOC v. United States Steel Corp.*, 2012 U.S. Dist. LEXIS 101872 (W.D. Pa Jul. 23, 2012); *see also* 42 U.S.C. §12117; 29 U.S.C. § 626 (d).

## CONCLUSION

Based on the forgoing, Defendant Staffing Solutions is entitled to an order dismissing the Plaintiff's First through Fourth Causes of Action which are seeking redress for unidentified "aggrieved persons" based on alleged acts of discrimination and/or retaliation which occurred prior to January 14, 2015.

DATED: July 27, 2018
       Buffalo, New York

    Respectfully submitted,

**SCHRÖDER, SCHRODER & ASSOCIATES, LLP**

/s/ Ginger D. Schröder
Ginger D. Schröder, Esq.
Linda H. Joseph, Esq.
392 Pearl Street, Suite 301
Buffalo, New York 14202
Phone (716) 881-4901
Fax (716) 881-4909
gschroder@sjalegal.com