UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EQUAL EMPLOYMENT OPPORTUNITY      **REPORT AND**
COMMISSION,     **RECOMMENDATION**

                         Plaintiff,

v.     18-CV-00562-LJV-JJM

STAFFING SOLUTIONS OF WNY, INC.,

                         Defendant.
_____

          The Equal Employment Opportunity Commission ("EEOC") commenced this action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). Before the court is the motion of defendant Staffing Solutions of WNY, Inc. ("Staffing Solutions") pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) for partial dismissal of, *inter alia*, any alleged acts of discrimination and retaliation that occurred prior to January 13, 2015 [4],[1] which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [13]. Having reviewed the parties' submissions [4-7, 10, 12], I recommend that the motion be denied.

## BACKGROUND

          This action arises from a November 10, 2015 Charge of Discrimination filed by Tammi Iser, an employee of Staffing Solutions from October 21, 2013 to September 16, 2015. Complaint [1], ¶¶7, 18; [7], pp. 32-35 of 38 (CM/ECF). On November 7, 2017, the EEOC issued a Notice of Determination finding reasonable cause to believe that Title VII, ADA and ADEA

---

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to numbers reflected on the documents themselves rather than to CM/ECF pagination.

violations occurred. Id., ¶8; [7], pp. 37-38 of 38.  After conciliation efforts failed, this action ensued. Id., ¶11.   The Complaint alleges that Staffing Solutions has engaged in certain discriminatory employment practices in violation of Title VII and the ADA "[s]ince at least January 1, 2014" (*see, e.g.*, id., ¶¶21, 25, 27, 37), and in violation of the ADEA "[s]ince at least January 1, 2013". Id., ¶34.  It also alleges that Staffing Solutions has engaged in retaliation in violation of those statutes "[s]ince at least December 6, 2014". Id., ¶45.[2]

Staffing Solutions seeks partial dismissal of the Complaint, arguing that since "the Charge which gave rise to the investigation was not filed until November 10, 2015", the EEOC is "limited to seeking redress under Title VII, the ADEA and the ADA for acts of discrimination and/or retaliation which occurred within 300 days of November 10, 2015 (acts which occurred after January 14, 2015)".  Staffing Solutions' Amended Memorandum of Law [5], p. 4.  Additionally, it seeks dismissal of retaliation claims "with respect to any individual, other than the charging party" arising prior to January 13, 2015. Notice of Motion [4], p. 1 of 2 (CM/ECF).[3]


**DISCUSSION**

"In New York, an aggrieved employee wishing to bring a claim in federal district court under Title VII, the ADEA, or the ADA must file a complaint with the EEOC within 300 days of the alleged discriminatory conduct. . . .  Claims that accrued more than 300 days prior to a plaintiff's filing of an EEOC complaint are time-barred as this statutory requirement is analogous to a statute of limitations." Benjamin v. Health & Hospitals Corp., 2009 WL 2959622, *6 (E.D.N.Y.

---

[2]    The Complaint [1] alleges certain non-discrimination or retaliation claims, including recordkeeping violations arising "[s]ince at least January 1, 2013" (id., ¶¶50, 51; *see also* ¶41), but these do not appear to be the subject of Staffing Solutions' motion, which is directed at the discrimination and retaliation claims.

[3]    Although the 300 day-cut off is January 14, 2015, Staffing Solutions uses both January 14 and January 13, 2015.  *See* Notice of Motion [4]; Amended Memorandum of Law [5], pp. 3, 4.

2009), aff'd, 394 Fed. App'x 829 (2d Cir. 2010) (Summary Order).  "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." Ellul v. Congregation of Christian Brothers, 774 F.3d 791, 798 n.12 (2d Cir. 2014).

A.     **Dismissal of Claims Arising Prior to January 13, 2015**

1.     **Title VII and ADA Claims**

In opposing dismissal, the EEOC relies on this court's decision in EEOC v. Sterling Jewelers, Inc., 2010 WL 86376 (W.D.N.Y. 2010) (Arcara, J./McCarthy, M.J.), which held that since "the sole limitation on the EEOC's ability to proceed with an enforcement action is that *a* charge be filed with the EEOC within 300 days of *a* violation . . . . [the] EEOC's complaint need not be limited in scope to violations occurring within that period". Id., *5 (emphasis in original); EEOC v. Upstate Niagara Cooperative, Inc., 2018 WL 5312645, *4 (W.D.N.Y. 2018) ("'since at least one administrative charge was filed with the EEOC within the 300-day period,' Defendant had 'adequate notice' of the nature of the disparate treatment allegations").

In Sterling Jewelers, and more recently in Upstate Niagara Cooperative, Inc., this court explained that:

> "unlike private actions, 'EEOC enforcement actions are not limited to the claims presented by the charging parties.' . . . 'The charge merely provides the EEOC with a jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices; and that investigation may well disclose illegal practices other than those listed in the charge.' . . . 'So long [1] as the additional discriminatory practices, or victims, have been ascertained in the course of a reasonable investigation of the charging party's complaint and [2] the EEOC has provided adequate notice to the defendant-employer of the nature of such charges to allow resolution of the charges through conciliation,' those additional claims may be brought in a lawsuit." 2018 WL 5312645, *3.

As noted by Staffing Solutions, other courts outside of this district, have found to the contrary - *i.e.*, that the EEOC cannot recover for violations arising more than 300 days prior to the filing of a charge. *See* Staffing Solutions' Amended Memorandum of Law [5], p. 3 (citing cases). However, in the absence of any controlling authority in this Circuit, I continue to abide by Sterling Jewelers.

Because "under the ADA, the procedures for filing claims are governed by the procedures provided in Title VII, *see* 42 U.S.C. § 12117(a), the same 300-day rule applies to ADA claims as well" Costabile v. New York District Council of Carpenters, 2018 WL 4300527, *4 (S.D.N.Y. 2018), I recommend that Staffing Solutions' motion be denied insofar as it seeks partial dismissal of the EEOC's Title VII and ADA discrimination and retaliations claims on 300-day grounds.

    **2.**     **ADEA Claims**

Although the ADEA has the same 300-day rule as Title VII, the EEOC does not rely on Sterling Jewelers. Instead, it argues that "ADEA actions are indisputably not subject to the 300-day charge-filing period applicable to private actions". EEOC's Response [10], p. 4. I agree. "Unlike the requirements under Title VII, 'the right of the [EEOC] to file a civil action under the ADA is not dependent on the filing of a charge. . . .' 29 CFR § 1626.19". EEOC v. State of New Mexico, Department of Corrections, 2018 WL 1569257, *6 (D.N.M. 2018); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991) ("the EEOC's role in combating age discrimination is not dependent on the filing of a charge"); EEOC v. Incorporated Village of Valley Stream, 535 F. Supp. 2d 323, 326–27 (E.D.N.Y. 2008) (rejecting argument "that an EEOC action under the ADEA is dependent upon or otherwise limited by the filing of an employee charge;

indeed, the EEOC has independent authority to investigate and litigate age discrimination under the ADEA"). Therefore, I recommend that this portion of Staffing Solutions' motion be denied.[4]

### B.   Dismissal of Claims on Behalf of Unidentified Individuals[5]

Staffing Solutions argues that since the EEOC has failed to identify "even a single individual other than Ms. Iser who was allegedly subjected to the claimed discriminatory practices alleged in the Complaint", it "is essentially asserting a right to engage in litigation with respect to every single decision by Staffing Solutions since it first opened for business in April of 2011", and therefore seeks dismissal of the Complaint "to the extent it seeks redress on behalf of individuals who were not identified by the EEOC during their investigation". Staffing Solutions' Amended Memorandum of Law [5], pp. 4-5; Reply Memorandum of Law [12], p. 7 n. 7. In support of this argument, it points to EEOC v. CRST Van Expedited, Inc., 679 F.3d 657, 674 (8th Cir. 2012), which held that "while '[t]he EEOC may seek relief on behalf of individuals beyond the charging parties and for alleged wrongdoing beyond those originally charged,' it 'must discover such individuals and wrongdoing *during the course of its investigation*'" (emphasis in original). Staffing Solutions' Amended Memorandum of Law [5], p. 5, n.3.

That argument may or may not ultimately be persuasive. However, at this stage, "Iqbal and Twombly do not require the EEOC to name all of the potential class members in its . . . Complaint". EEOC v. U.S. Steel Corp., 2012 WL 3017869, *10 (W.D. Pa. 2012). Therefore, to the

---

[4]   Based on my recommendation, I have not considered the EEOC's additional arguments. EEOC's Response [10], §§B, C, and D.

[5]   Staffing Solutions' position on this issue is not clear. Its Notice of Motion [4] only seeks dismissal of the retaliation claims with respect to any individual other than Ms. Iser, but in its Amended Memorandum of Law ([5], p. 6) and Reply Memorandum of Law ([12], p. 8) it appears to seek this relief with respect to all of the EEOC's claims.

extent that Staffing Solutions seeks dismissal of the claims being asserted on behalf of unidentified aggrieved individuals, I recommend that its motion be denied.

## CONCLUSION

For these reasons, I recommend that Staffing Solutions' motion for partial dismissal [4] be denied.  Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by December 20, 2018.

Any requests for extension of this deadline must be made to Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these

provisions may result in the district judge's refusal to consider the objections.

Dated: December 6, 2018

                                                       /s/ Jeremiah J. McCarthy
                                                     JEREMIAH J. MCCARTHY
                                                     United States Magistrate Judge