UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

  v.

    18-CV-562
    DECISION & ORDER

STAFFING SOLUTIONS OF WNY, INC.,

    Defendant.

On May 17, 2018, the plaintiff, the Equal Employment Opportunity Commission ("EEOC"), commenced this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act ("ADEA"), and Title I of the Civil Rights Act of 1991. Docket Item 1. On July 27, 2018, the defendant, Staffing Solutions of WNY, Inc. ("Staffing Solutions"), moved to dismiss in part the EEOC's claims. Docket Item 4. On August 10, 2018, the EEOC responded, Docket Item 10, and on August 20, 2018, Staffing Solutions replied, Docket Item 12.

On October 1, 2018, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 13. On December 6, 2018, Judge McCarthy issued a Report and Recommendation ("R&R") finding that Staffing Solutions's motion should be denied. Docket Item 13.

On December 20, 2018, Staffing Solutions objected to the R&R, arguing that Judge McCarthy erred by (1) "declining to limit the EEOC to seeking redress for only

those [Title VII] claims which occurred within 300 days of November 10, 2015, the filing date of the sole [c]harge giving rise to the EEOC's investigation"; (2) "ruling that . . . ADEA actions brought by the EEOC are not subject to the 300-day charge-filing period applicable to private actions"; and (3) "declining to limit the scope of this action to individuals and alleged wrongdoing identified during the course of [the EEOC's] investigation." Docket Item 15 at 2-3. On February 19, 2019, the EEOC responded to the objections. Docket Item 22. And on March 8, 2019, Staffing Solutions replied. Docket Item 23.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R, the record in this case, the objection and response, and the materials submitted by the parties. Based on that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation to deny Staffing Solutions's motion.

This Court recognizes—as did Judge McCarthy—that there is conflicting authority on the question of whether the EEOC can recover for Title VII violations arising more than 300 days prior to the filing of the charge. *See* Docket Item 14 at 4. But the cases addressing the question in this district have held that it can. *See EEOC v. Upstate Niagara Cooperative, Inc.*, 2018 WL 5312645, at *4 (W.D.N.Y. Oct. 26, 2018); *EEOC v. Sterling Jewelers, Inc.*, 2010 WL 86376, at *5 (W.D.N.Y. Jan, 6, 2010). This

2

Court has reviewed those decisions and finds no reason to revisit the issue in this district.

This Court also agrees with Judge McCarthy that the EEOC is not subject to the 300-day charge-filing period for ADEA claims. *See* 29 CFR § 1626.19 ("The right of the [EEOC] to file a civil action under the ADEA is not dependent on the filing of a charge . . . ."); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991) (explaining that "the EEOC's role in combating age discrimination is not dependent on the filing of a charge"); *EEOC v. Incorporated Village of Valley Stream*, 535 F. Supp. 2d 323, 326-27 (E.D.N.Y. 2008) (rejecting argument "that an EEOC action under the ADEA is dependent upon or otherwise limited by the filing of an employee charge"). Although Staffing Solutions does cite one case in which a court has held that the EEOC was subject to the 300-day charge-filing period for an ADEA claim, *see EEOC v. City of Chicago*, No. 93 C 7571, 1994 WL 395068, at *3 (N.D. Ill. July 27, 1994), that case did not grapple with any of the contrary case law, including the Supreme Court's decision in *Gilmer*.[1]

Finally, this Court disagrees with Staffing Solutions that the Eighth Circuit's decision in *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012), compels this Court to dismiss the EEOC's claims with respect to unidentified individuals. In *CRST*, the court held that "while '[t]he EEOC may seek relief on behalf of individuals

---

[1] Staffing Solutions also relies on the Second Circuit's decision in *Staten v. City of New York*, 726 F. App'x 40 (2d Cir. 2018) (summary order). *See* Docket Item 15 at 7. But that case involved an ADEA action by a *private plaintiff*, not the EEOC. There is no dispute that "[u]nder both the ADEA and Title VII, a [private] plaintiff must file a complaint with the EEOC within 300 days of a discriminatory act." *Staten*, 726 F. App'x at 43.

3

beyond the charging parties and for alleged wrongdoing beyond those originally charged,' it 'must discover such individuals and wrongdoing *during the course of its investigation.*'" *Id.* at 674 (emphasis in original) (quoting *U.S. Equal Opportunity Comm'n v. Dillard's Inc.*, No. 08-CV-1780-IEG PCL, 2011 WL 2784516, at *6 (S.D. Cal. July 14, 2011)). Staffing Solutions contends that this means that the EEOC must identify and name the class members who were "discover[ed] . . . *during the course of its investigation*" in its complaint. *See* Docket Item 15 at 9-10. But the Eighth Circuit's decision was not made in the context of a motion to dismiss. *See EEOC v. U.S. Steel Corp.*, No. CIV.A. 10-1284, 2012 WL 3017869, at *10 (W.D. Pa. July 23, 2012) (explaining that "the rulings in *CRST* followed extensive discovery and were made at the summary judgment stage, when the Court may fully consider all of the record evidence"). So even if the EEOC must identify individual class members who were wronged by the defendant, that does not mean it must identify them *in the complaint*.[2]

This Court therefore agrees with Judge McCarthy that while Staffing Solutions's "argument may or may not ultimately be persuasive . . . , at this stage, '*Iqbal* and *Twombly* do not require the EEOC to name all of the potential class members in its . . . [c]omplaint.'" Docket Item 14 at 5 (quoting *U.S. Steel Corp.*, 2012 WL 3017869, at *10).

---

[2] Moreover, this Court disagrees that *CRST* is "controlling . . . precedent." *See* Docket Item 15 at 2 n.1. Staffing Solutions argues that "the Supreme Court implicitly upheld the Eighth Circuit's conclusions in *CRST* when it refused the EEOC's application for certiorari as to the decision." Docket Item 23 at 7. But the Supreme Court has repeatedly "emphasize[d] the fact that a denial of certiorari is not a ruling on the merits of any issue raised by the petition." *Evans v. Stephens*, 544 U.S. 942 (2005) (opinion of Stevens, J., respecting denial of certiorari) (citations omitted).

Thus, at this stage of the case, the EEOC's complaint may proceed with respect to unidentified individuals.[3]

For the reasons stated above and in the R&R, Staffing Solutions's motion to dismiss, Docket Item 4, is DENIED. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of October 1, 2018, Docket Item 13.

SO ORDERED.

Dated: March 9, 2020
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[3] Staffing Solutions expresses concern that the EEOC will use the discovery process in this "lawsuit 'as a fishing expedition' to uncover more violations." Docket Item 23 at 7 (quoting *CRST Van Expedited, Inc.*, 679 F.3d at 675). But if the EEOC attempts to do so, Staffing Solutions may object to the EEOC's discovery requests on that basis.

5