UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

        v.

STAFFING SOLUTIONS OF WNY, INC.,

        Defendant.

18-CV-562-LJV-JJM
DECISION & ORDER

On May 17, 2018, the plaintiff, the Equal Employment Opportunity Commission

("EEOC"), commenced this action under Title VII of the Civil Rights Act of 1964 ("Title

VII"), the Americans with Disabilities Act of 1990, the Age Discrimination in Employment

Act ("ADEA"), and Title I of the Civil Rights Act of 1991.  Docket Item 1.  On October 1,

2018, this Court referred the case to United States Magistrate Judge Jeremiah J.

McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B).  Docket Item 13.

On April 20, 2020, the defendant, Staffing Solutions of WNY, Inc. ("Staffing

Solutions"), submitted a discovery proposal, Docket Item 35, which it asked the Court to

adopt on May 8, 2020, Docket Item 38.  That same day, the EEOC asked the Court to

adopt its counterproposal.  Docket Item 39.  On September 10, 2020, Judge McCarthy

issued a Decision and Order ("D&O") granting the EEOC's motion to adopt its discovery

proposal and denying Staffing Solutions' competing motion.  Docket Item 55.

On September 22, 2020, Staffing Solutions objected to the D&O, arguing that

Judge McCarthy clearly erred by (1) "violat[ing] the express dictates of Rule 26 that

discovery be proportionate to the issues in the case and the parties [sic] resources"; (2)

"failing . . . to take into account the lack of merit/weakness of the claims brought by the

EEOC" in violation of Rule 26; and (3) "ignor[ing] the substantial record evidence and

admissions by the EEOC, that the claims of many, if not most, of the claimants identified

during its investigation lack merit, rais[ing] fundamental questions under the Due

Process Clause of the Constitution."  Docket Item 56 at 1, 9.  On September 30, 2020,

Staffing Solutions moved for an order staying enforcement of those parts of the D&O to

which it objects.  See Docket Item 59.  On October 6, 2020, the EEOC responded to the

objections and the motion for a stay.  Docket Items 67, 68.  And on October 13, 2020,

Staffing Solutions replied.  Docket Items 74, 75.

This Court has carefully and thoroughly reviewed the record in this case; the

D&O; the objection, response, and reply; the motion for a stay, response and reply; and

the materials submitted to Judge McCarthy.  Based on that review, the Court affirms

Judge McCarthy's D&O, which adopts the EEOC's discovery plan.  Accordingly, Staffing

Solutions' motion to stay is denied as moot.

## LEGAL PRINCIPLES

### I.      STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a party timely

objects to a magistrate judge's decision on a non-dispositive matter, "the district judge in

the case must . . . modify or set aside any part of the order that is clearly erroneous or is

contrary to law."  Id.; see also 28 U.S.C. § 636(b)(1)(A).  "Matters concerning discovery

generally are considered 'non[-]dispositive' of the litigation."  Arista Records, LLC v. Doe

3, 604 F.3d 110, 116 (2d Cir. 2010) (quoting Thomas E. Hoar, Inc. v. Sara Lee Corp.,

900 F.2d 522, 525 (2d Cir. 1990)).

"[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This standard "does not entitle a reviewing court to reverse . . . simply because it is convinced that it would have decided the case differently."  *Id.*  An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."  *Catskill Dev., L.L.C. v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).

"A party seeking to overturn a discovery order therefore bears a heavy burden." *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (citing *Com-Tech Assocs. v. Computer Assocs. Int'l,* 753 F. Supp. 1078, 1098-99 (E.D.N.Y. 1990), *aff'd,* 938 F.2d 1574 (2d Cir. 1991)).  "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused."  *Id.* (quoting *Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 31309232, at *1 (S.D.N.Y. Oct.15, 2002)).

## II.     SCOPE OF DISCOVERY

The scope of discovery permitted under the Federal Rules of Civil Procedures is set forth in Rule 26(b)(1):  "Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is [1] relevant to any party's claim or defense and [2] proportional to the needs of the case."  *Id.*  "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate."  *Walker v. City of New*

*York*, 2018 WL 1686102, at *2 (E.D.N.Y. Mar. 30, 2018) (quoting *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016)).

Information is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  "Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial."  *Walker*, 2018 WL 1686102, at *2.

"[P]roportionality focuses on the 'marginal utility of the discovery sought' and requires a balancing of the multiple factors set forth in [Rule] 26(b)(1)."  *Id.* (quoting *Vaigasi*, 2016 WL 616386, at *14).  Those factors include:

> [i] the importance of the issues at stake in the action, [ii] the amount in controversy, [iii] the parties' relative access to relevant information, [iv] the parties' resources, [v] the importance of the discovery in resolving the issues, and [vi] whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

## DISCUSSION

The Court assumes the reader's familiarity with the parties' competing discovery proposals, *see* Docket Items 35, 38, 39, and Judge McCarthy's analysis in the D&O, *see* Docket Item 55.  Briefly stated, Staffing Solutions objects to the D&O's requirement that it produce certain records which would allow the EEOC to identify potential claimants from February 2016, when its investigation ended, to the present.  *See* Docket Items 56, 59.

Staffing Solutions first argues that Judge McCarthy clearly erred by "failing to consider the proportionality and relative burden on the parties" under the parties' respective discovery proposals.  Docket Item 56 at 7.  In support of this argument, Staffing Solutions highlights one sentence near the end of the D&O: "Staffing Solutions may face difficult decisions on how to most cost-effectively obtain discovery from the EEOC's witnesses and the claimants it identifies, but I fail to see how that burden supplants the EEOC's right to conduct discovery in order to identify claimants."  Docket Item 55 at 7.  Staffing Solutions uses this sentence to suggest that Judge McCarthy glossed over its proportionality concerns and argues that the "failure . . . to 'see'" the burdens Staffing Solutions raised violates Rule 26's proportionality requirement.  *See* Docket Item 56 at 7.

Contrary to Staffing Solutions' claim, Judge McCarthy did not "[e]xpressly [s]tate[]" that he did not consider proportionality, nor did he pay mere "lip service" to Rule 26.  *See id.* at 5, 7.  Indeed, Judge McCarthy dedicated three pages (out of his seven-page order) to the issue of proportionality.  *See* Docket Item 55 at 4-6.  He "carefully considered" Staffing Solutions concerns but nonetheless agreed with the EEOC that its discovery proposal was proportional to the needs of the case.  *Id.* at 4. He provided several reasons for this decision, including that the EEOC had "sufficiently narrowed the scope of discovery originally sought to limit the burden on Staffing Solutions' business," and that the records sought by the EEOC are "centrally located," so that they could be "produced by Staffing Solutions within 'a couple of hours.'"  *Id.* at 4-5.  There is nothing clearly erroneous about that.

Staffing Solutions argues that Judge McCarthy also clearly erred because he

"[f]ailed to [c]onsider" the merits and weaknesses of the EEOC's claims, violating "the

requirement under Rule 26 that he consider 'the importance of the discovery in

resolving the issues[.]'"  Docket Item 56 at 9.  But again, Judge McCarthy did not clearly

err.  His order permits discovery that would allow the EEOC to identify potential

claimants who suffered discrimination after February 2016 when the EEOC's initial

investigation ended.  *See* Docket Item 55.  The EEOC is permitted to identify new

claimants, including those potential claimants who were discriminated against after the

EEOC's investigation ended, when their claims are "within the scope of the claims that

were investigated, disclosed[,] and conciliated."  *EEOC v. United Parcel Service*, 2017

WL 2829513, *9 (E.D.N.Y 2017); *see also* Docket Item 55 at 3-4; *EEOC v. United

Health Programs of America, Inc.*, 213 F.Supp.3d 377, 403 (E.D.N.Y. 2016).  Judge

McCarthy agreed with the EEOC that because its complaint alleges continuing

discrimination, information about potential claimants from February 2016 to the present

is "indisputably relevant."  *Id.* at 3.  So contrary to the objection, Judge McCarthy indeed

considered the importance of the discovery in resolving the dispute.

Staffing Solutions also objects because Judge McCarthy "ignored the substantial

record evidence and admissions by the EEOC, that the claims of many, if not most, of

the claimants identified during its investigation lack merit," and that doing so violates

due process and the enabling statute.  Docket Item 56 at 1, 10.  This Court disagrees.

First, the EEOC has not admitted that "many, if not most" of its claims are meritless; on

the contrary, the parties contest the merits of the claimants' discrimination claims, as the

parties' submissions on these very objections demonstrate.  *Compare* Docket Item 56 at

6

5, *with* Docket Item 67 at 15-18.  Moreover, the repeated claims that the proposed

discovery violates the EEOC's enabling statute and the United States Constitution are

conclusions supported by nothing more than rhetoric.  *See, e.g.,* Docket Item 56 at 11

("[I]t is painfully obvious that the statutory and Due Process rights of the Defendant are

being foreclosed."); *id.* (D&O "deprives Defendant of the ability to defend itself against

the EEOC's baseless claims").

Finally, as Judge McCarthy observed, Staffing Solutions' concerns about

additional discovery that might result from his D&O do not tip the balance.  Both sides

may face difficult decisions about how to obtain additional information from claimants

and witnesses identified by the proposed discovery, *see* Docket Item 55 at 7; but that

does not make the proposed discovery irrelevant, disproportionate, or unconstitutional.

## CONCLUSION

For the reasons stated above, the Court affirms Judge McCarthy's D&O and

denies the motion to stay as moot.  The case is referred back to Judge McCarthy for

further proceedings consistent with the referral order of October 1, 2018.  *See* Docket

Item 13.

SO ORDERED.


Dated:      October 16, 2020
            Buffalo, New York



                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE


7