| | |
|---|---|
| **From:** | Linda Joseph <ljoseph@sjalegal.com> |
| **Sent:** | Wednesday, January 26, 2022 12:06 PM |
| **To:** | Jeremiah McCarthy |
| **Cc:** | DANIEL SELTZER; RENAY OLIVER; NORA CURTIN; Alicia Rood; Eric Glynn |
| **Subject:** | EEOC v. Staffing Solutions of WNY, Inc., No. 1:18-cv-00562-LJV-JJM; Defendant's response to the EEOC's request for a hearing on EEOC's Letter (ECF No. 101) |
| **Attachments:** | Letter to McCarthy Responding to EEOC Letter Motion re ESI discovery.pdf |
| **Importance:** | High |

**CAUTION - EXTERNAL:**

Dear Judge McCarthy:

We are writing in response to the EEOC's email of yesterday requesting a hearing regarding (a) whether an analysis/document prepared by a Staffing Solution's employee is protected by the attorney work privilege, and Defendant's compromise offer to produce the factual portions of the analysis while redacting one column from the analysis which contained notes to counsel and counsel's comments regarding the factual portion of the analysis; and (b) whether Plaintiff is entitled to payroll and compensation information for Staffing Solution's owners and employees, based solely on the fact that it has asserted a claim for punitive damages.  We have attached the December 3, 2021, letter submission which addresses these issues at page 8-11.  (Docket 103).

On the privilege issue, we note that there really is no dispute as to the hornbook law on privilege and waiver.  However, the EEOC seems to ignore that we are providing the factual portions of the analysis/document and excluding only the privileged column 5 which contains both attorney work product and communications between client and attorney. As to any waiver of the attorney work product privilege and the attorney/client communication privilege, the EEOC claims such waiver based solely upon "opinions" expressed by Ms. Faulhaber and a former employee who worked on the analysis at the direction of counsel. Since we are not withholding the factual data and information which were the basis for these "opinions," there is no "waiver" of column 5 which is solely privileged information.  Indeed, as to the EEOC's concern that they need the privileged information to cross examine  Ms. Fahlhaber on these opinions, the EEOC has all the facts in columns one to four to use in such cross examination. Therefore, there is no basis at all for demanding disclosure of column 5 which contains only privileged information.

In short, we do not see a need for a hearing on these issues which are full addressed in the prior submissions. Nonetheless, should the Court prefer to hold a hearing, for the Court's information in scheduling a hearing, both myself and Alicia Rood will be unavailable on February 11th and from February 21st through March 8th.

If you require any additional information, please do not hesitate to let me know.

Linda Joseph

Linda H. Joseph, Esq.
Partner
Schroder, Joseph & Associates, LLP
394 Franklin Street, 2nd Floor
Buffalo, NY 14202

(716) 881-4902-Direct
(716) 881-4900-Main
(716) 861-1398-Cell
(716) 881-4909-Facsimile
ljoseph@sjalegal.com

SJA is a member of the Employment Law Alliance and the National Association of Minority and Women Owned Law Firms.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that to the extent that this message contains any U.S. federal tax advice (including any attachments unless otherwise expressly stated therein), this advice is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. Except with the express prior written consent of Schroder, Joseph & Associates, LLP ("SJA") no portion of this electronic correspondence (including any attachments hereto) may be used in connection with the promotion, marketing or recommendation to another party of any transaction or matter addressed herein as relates or may relate in any way to any U.S. federal tax advice. The foregoing disclosure is intended to comply with the requirements of IRS Circular 230, and is not meant to imply that tax advice is being rendered by SJA by this communication. SJA does not render tax advice except when we have been specifically engaged to do so.

The information contained in this transmission is legally privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone call to (716) 881-4900 and delete the message. Thank You.

  

 

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.